UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA L. STARKE COLSTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:20-cv-3104-JMS-DML |
| ) | |
| MUNCIE SANITARY DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF WILLIAM SMITH

William Smith, hereby declares and states as follows:

1. I am more than 18 years old, am competent to testify to the facts stated herein, and have personal knowledge of such facts.

2. From January 1, 2012, to August 31, 2020, I served as the President of the Board of Sanitary Commissioners ("Board") for the Muncie Sanitary District (the "District").

3. The District is a special unit of government created under Indiana state law by the action of an Ordinance of the City of Muncie, Indiana adopted in 1968. The District is managed under the provisions of Indiana Code 36-9-25 and is governed by a Board of Sanitary Commissioners which acts as both the Executive Body and Fiscal Body of the District. The District is a distinct legal entity from the City of Muncie, as it is independently funded and budgeted, and as it conducts all personnel and financial transactions with the City on an arm's length basis.

4. The District has approximately 141 employees, of which 71 (or more than 50%) are age 50 or above, including 19 employees in their sixties, seven in their seventies, and one in their eighties.

5. The District is comprised of nine departments: (1) GreenLine, (2) Bureau of Water Quality ("BWQ"), (3) Engineering, (4) Recycling, (5) Sanitation, (6) Sewer Maintenance, (7) Stormwater Management, (8) Water Pollution Control, and (9) Utility Billing. Each department has a different purpose and is staffed differently as a result.

6. The Board reviews positions within all departments of the District on an ongoing basis to determine which, if any, may be eliminated from a cost-savings and efficiency perspective. Some years ago, the Board made the decision to give the Board President, along with the District Administrator, the right to make personnel changes, including the right to eliminate positions in the District. Personnel moves were never discussed at the open meetings. However, I would have notified the Board of any action that was being considered.

7. In early November 2019, I advised Rick Conrad, Director of the BWQ/MS4 Coordinator, that the Board was considering job eliminations and asked whether the BWQ office would be able to manage if the secretarial position was eliminated. That office does not receive a large volume of calls or visitors, updated technology and systems had rendered some of the secretary's responsibilities obsolete, and the remaining clerical duties were somewhat minimal, so Mr. Conrad answered in the affirmative. At that time, the BWQ secretarial position was held by Linda Starke Colsten.

8. The focus in considering eliminating the BWQ secretarial position was on cutting costs and increased efficiencies and the fact that the role was largely redundant. There was no consideration of Ms. Colsten's age or any medical issues relative to the job elimination. Although I was aware that she had recently taken some time off work due to a fall, I was also aware that she had recovered and been released to return to work without any restrictions. In that regard, a true and accurate copy of November 7, 2019 email correspondence between Sarah Beach, Mr. Conrad, and myself is attached hereto as <u>Exhibit 1</u>.

9. Neither the Board nor I were aware of Ms. Colsten having any other medical issues. As such, her medical condition, as well as her age, was irrelevant to the decision whether to eliminate the secretarial position.

10. On November 15, 2019, I arrived at the BWQ office with Mark McKinney, the District's attorney, and met with Mr. Conrad to apprise him that I had made the decision as Board President to eliminate the secretarial position held by Ms. Colsten.

11. Thereafter, I met with Ms. Colsten and advised her that her position was being eliminated, effective immediately. I told Ms. Colsten that if she preferred, she could convert it to retirement instead just as a prior employee, Nancy Williams, had done, or make it a resignation and let her know that the District would not challenge any claim she may make for unemployment compensation benefits.

12. Ms. Colsten's employment was terminated due to position elimination.

13. The District also eliminated another position around the same time period, head of the IT division, to cut costs and increase efficiencies. Dan Hilbert, who previously occupied that position, was in his fifties, was not disabled, and had no known FMLA claims. Other positions in the past have been eliminated by combining two or more job responsibilities. Some examples include the head of the billing department, held by Angie Smith, which was eliminated by the Comptroller taking both positions. Likewise, one of the secretarial positions was eliminated by the Office Manager assuming both responsibilities.

14. I am 81 years old.

I AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT.

Dated: 11/29/2021

William Smith

3

**To:** Rick Conrad[rcconrad@msdeng.com]; Sarah Beach[sbeach@cityofmuncie.com]
**From:** Bill Smith
**Sent:** Thur 11/07/2019 8:56:48 PM UTC
**Subject:** Re: Linda Colsten _ FMLA and RTW issues
**Received:** Thur 11/07/2019 8:56:48 PM UTC

Sarah
Thank you
Bill

On Thursday, November 7, 2019, 2:46:47 PM EST, Sarah Beach <sbeach@cityofmuncie.com> wrote:



I have received her revised RTW paperwork that states that she has no restrictions.  This means that she should be able to do her job functions with no accommodations.


**From:** Sarah Beach
**Sent:** Thursday, November 7, 2019 12:41 PM
**To:** 'Rick Conrad' <rcconrad@msdeng.com>; 'Bill Smith' <bsmith6753@yahoo.com>
**Subject:** Linda Colsten _ FMLA and RTW issues
**Importance:** High


Bill and Rick:


Bill, I have already briefly discussed this with Rick.


Linda presented a Return to Work slip to Rick when she came back to work last week.  (I have been off most of last week and this week, so I am just catching up with all of this)   The RTW slip does not address whether or not there are restrictions that MSD needs to accommodate.  MSD's policy is usually that an employee cannot RTW if there are restrictions.


It is my understanding that Linda has some lingering mobility issues that she is requiring help to navigate.   I am sending Linda an email letting her know that her RTW slip is incomplete and needs to address whether or not there are restrictions and she cannot return to work until we have something in writing addressing that.


Also, just so that everyone is on the same page….when an employee is off work for FMLA, they are required to use <u>any </u>paid time that they have available to them.   Whether it is extended sick, personal, sick or vacation time.   The employee cannot state 'don't pay me' while they have time sitting in any bank of time.   The city allows employees to retain one week of vacation time….but I am not sure if MSD does this or not.   I just want to make sure that everyone knows that employees must use any paid time available to them.


EXHIBIT 1

Thanks,

Sarah

MSD_000285